Matter of Virovlyanskaya v Virovlyanskiy (2019 NY Slip Op 09273)





Matter of Virovlyanskaya v Virovlyanskiy


2019 NY Slip Op 09273


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-10347
 (Docket No. F-30929-07/17A)

[*1]In the Matter of Juliya Virovlyanskaya, appellant,
v
Aleksandr Virovlyanskiy, respondent.


Juliya Virovlyanskaya, New York, NY, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated August 7, 2018. The order denied the petitioner's objections to an order of the same court (Elizabeth Shamahs, S.M.) dated May 21, 2018, which, in effect, dismissed without prejudice that branch of her violation petition which alleged that the respondent had failed to pay spousal support as of March 22, 2010.
ORDERED that the order dated August 7, 2018, is affirmed, without costs or disbursements.
We agree with the petitioner that the Family Court should not have determined that her objections should be dismissed for lack of proper service. However, we agree with the court's determination to deny the petitioner's objections to the Support Magistrate's order, and in effect, to dismiss without prejudice that branch of her violation petition alleging that the respondent had failed to pay spousal support as of March 22, 2010, the date the parties were allegedly divorced in Russia. As the court noted, resolution of the issue of the validity of the parties' alleged Russian divorce was still pending before the Supreme Court in a related matrimonial action (see generally Matter of Heintzman v Heintzman, 157 AD3d 682, 693). The petitioner's arguments regarding other branches of her violation petition and various other petitions were not properly before the Family Court as part of the subject objections and are not properly before this Court.
DILLON, J.P., BALKIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court